**Ramona TORRES, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 82 Civ. 6103 (RLC).**

United States District Court, S.D. New York.

July 28, 1983.

Robert M. Freedman and Toby Glick, New York City, for plaintiff Legal Services for the Elderly.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Alan Nisselson, Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Ramona Torres has brought this action under sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final determination of the Secretary of Health and Human Services ("the Secretary"), which denied plaintiff's applications for disability insurance benefits and Supplemental Security Income benefits ("SSI").

On July 27, 1979, plaintiff filed applications for disability insurance and SSI benefits based on psychological disabilities. Tr. 120, 153–56. Her applications were denied initially, Tr. 34–35, and on reconsideration. Tr. 38. On March 5, 1980, plaintiff appeared before an Administrative Law Judge ("ALJ"), who found that she was not under a disability. Tr. 58–62. The Appeals Council vacated that decision on August 20, 1980, remanded the case for a new hearing, and directed that further medical evidence be submitted at that hearing. Tr. 50–51. On January 8, 1981, the ALJ at the new hearing found that plaintiff was not disabled. Tr. 38–42. On July 19, 1982, the Appeals Council affirmed that decision, and it became the final decision of the Secretary. Tr. 3–4.

Torres is a 54-year-old Cuban immigrant, Tr. 76, who has completed six years of school, Tr. 124, and has limited command of English. Tr. 125. She has been divorced twice and has no children. Tr. 126. She worked for twenty years as a sewing machine operator for various employers, Tr. 130–36, but was laid off from her last two jobs because she failed to meet the union's minimum rate of production. Tr. 139, 186–87. She lives alone, Tr. 143, and rarely goes out. Tr. 144. She says that sometimes she is so depressed that she spends the whole day in bed. Tr. 142.

The record includes reports submitted by four psychiatrists and psychologists. In a report dated August 10, 1979, Jose Costo, her treating psychiatrist, found that her speech was clear and coherent, that she looked despondent and anxious, and that she has an average intellect and fair judgment. He also noticed that she fears crowded places, has episodes of dizziness, and is immature, dependent, seclusive, sad and anguished. He concluded that she has depressive neurosis and anxiety neurosis, is not psychotic, and does not suffer from hallucinations. He added that she takes

Elavil and Meprobromate and that "she has had a regression after losing her job." Tr. 178. In a supplementary report submitted to the ALJ on November 7, 1980, Costo again diagnosed her as having depressive and anxiety neurosis and stated that her prognosis was "good" and that she "has had a great deal of improvement." He added, however, that she has episodes of depression and anxiety. Tr. 210.

On March 4, 1980, Carlos E. Ifarraguerri, an associate in clinical psychiatry at the Columbia University College of Physicians and Surgeons, issued an evaluation stating that Torres was "severely phobic, with fear of crowds, elevators, subways." He added that she "is chronically depressed, with suicidal ideation and significant insomnia, and much somatization (brief but severe dizzy spells, nausea, frequent headaches.)" He noted that she "goes out only when absolutely necessary and then becomes intensely anxious." He also noted that the medications she must take to relieve her anxiety interfere with her work performance. Ifarraguerri concluded:

My diagnosis is that of severe personality disorder; passive-dependent in type, with phobic hysterical, anxious and depressive features. Although she is not psychotic, she shows severe restriction in interests and daily activities, and impoverished interpersonal relationships. The chronicity of her condition makes for a poor prognosis. It is my professional opinion that this woman is totally and permanently disabled, due to her psychiatric condition.

Tr. 190–91.

On September 23, 1980, Torres underwent psychiatric and psychological examinations at the direction of the Appeals Council. Ernest Cohen, a board-certified psychiatrist, stated:

Psychiatric examination reveals a pleasant appearing neatly and appropriately dressed white female who was very pleasant, socially appropriate demeanor quite communicative and verbal. She elaborated [her] story in a meaningful, orderly, logical sequential way. [S]he

was alert and in contact and oriented to time, place, person and situation .... Memory appeared intact grossly for remote and recent events. Thinking was well organized and there was no evidence of scattering or hallucinating .... The patient appeared somewhat dejected perhaps even mildly depressed throughout the interview. She herself stated that she was chronically depressed and that she occasionally has suicidal ideation and difficulty sleeping. She has few human contacts. Insight is minimal. Judgment fair. Intellectual evaluation average.... She seems to lead a very isolated withdrawn kind of life.

Diagnostic impression is that of a hysterical character structure with hysterical depressive and anxiety features presenting. I find no evidence of psychosis or schizophrenia in this woman at this time.

Tr. 206–07.

Lastly, Torres was examined by L.A. Shewchuck, a clinical psychologist. He found that she

is presently functioning at a dull normal level of intelligence. There are indications of moderate emotional problems characterized by depressive symptomology. This interferes with intellectual capacities in terms of concentration, ability to analyze social situations, and judgment. She also has difficulty taking in information from her environment. Memory is on a borderline level. She has extreme difficulty adapting to emotionally laden situations and has a tendency towards complete isolation and withdrawal. She maintains a relatively good level of communication .... Thinking is coherent and logical and there are no breaks with reality contact. She has an extremely poor self-image ....

Tr. 209.

The principal argument that Torres' counsel made to the ALJ is that she suffers from one of the impairments listed under § 12.04 to 20 C.F.R. Pt. 404 Subpart P, Appendix 1, Part A (1982). If the claimant has one of the impairments listed in Appendix 1 to 20 C.F.R. Pt. 404 or an impairment

equal thereto, she is to be found disabled. 20 C.F.R. § 404.1520(d) (1982).

§ 12.04 reads in pertinent part:

*Functional nonpsychotic disorders* (psychophysiologic, neurotic, and personality disorders; addictive dependence on alcohol or drugs). With both A and B:

A. Manifested persistence of one or more of the following clinical signs:

. . . .

2. Recurrent and persistent periods of anxiety, with tension, apprehension, and interference with concentration and memory; or

3. Persistent depressive affect with insomnia, loss of weight, and suicidal preoccupation; or

4. Persistent phobic or obsessive ruminations with inappropriate, bizarre, or disruptive behavior; or

. . . .

7. Persistent, deeply ingrained, maladaptive patterns of behavior manifested by either

a. Seclusiveness or autistic thinking; or

b. Pathologically inappropriate suspiciousness or hostility;

B. Resulting persistence of marked restriction of daily activities and constriction of interests and deterioration in personal habits and seriously impaired ability to relate to other people.

Inexplicably, in determining whether the claimant was disabled, the ALJ failed to address whether Torres suffered from one of the impairments listed in § 12.04. Rather than determine whether Torres had one of the impairments set forth in § 12.04, the ALJ made generalized statements with regard to whether the claimant was able to work, such as "although this claimant has evinced signs of depression and anxiety . . . these have not attained such a nature and degree as to interfere with the fundamental mental capacities entailed in the most ordinary work activities." Tr. 41. The ALJ failed to evaluate plaintiff's condition under § 12.04 even though her counsel contended that the medical reports of the four clinicians showed that she satisfied the conditions set forth in subd. A and subd. B of § 12.04.

Until the ALJ addresses the specific relevant regulations, the court cannot decide whether there is substantial evidence to uphold his decision. Because the ALJ failed to consider the regulations that plaintiff's counsel asked him to address and that the law requires him to address, the case is remanded for determination as to whether Torres' impairment meets the criteria listed in § 12.04.

IT IS SO ORDERED.